UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WALTER N. IWACHIW,

                Plaintiff,

    -V-

EDWARD GERSH, et al., KEVIN GERSH, et al.,
K.G. Corp., et al., WEST HILLS DAY CAMP,
et al., WEST HILLS MANAGEMENT, INC.,
et al., F. DOE, A. DOE (grounds supervisor WHC),
B DOE (Tractor Operator), C DOE (Blue Shirt
Europeanworker WHC), D DOE (Striped Shirt
African American WHC), SOUTH HUNTINGTON
UFSD, et al., E DOE (security guard FOS), SUFFOLK
COUNTY, SUFFOLK COUNTY POLICE DEPT.,
SUFFOLK COUNTY INDUSTRIAL DEVELOPMENT
AGENCY et al., CAMELOT VILLAGE OF
HUNTINGTON, INC., et al., CARL G.
PAFFENDORF, et al., GOLDEN COACH DINER,
INC., POSILICO SCALAMANDRE et al., TOWN
OF HUNTINGTON, TOWN BOARD OF
HUNTINGTON, SUPERVISOR FRANK PETRONE,
et al., ZONING APPEALS BOARD OF THE
TOWN OF HUNTINGTON, NEW YORK STATE,
DEPARTMENT OF ENVIRONMENTAL
CONSERVATION, DEPARTMENT OF
TRANSPORTATION, KEYSPAN ENERGY CORP,
NASSAU COUNTY, COUNTY EXECUTIVE
THOMAS GULOTTA, CARL SCHROETER,
NASSAU COUNTY BOARD OF REAL ESTATE,
CHARLES B. WANG, et al.,CHARLES B. WANG,
INC., PLAINVIEW PROPERTIES, LLC, et al.,

                Defendants.
------------------------------------------------------------X

MEMORANDUM &
ORDER OF DISMISSAL

01CV2254(SLT)(MLO)

TOWNES, J.

In this, one of at least a dozen actions brought by *pro se* plaintiff Walter Iwachiw ("Plaintiff" or "Iwachiw") in this district over the past five years,[1] he asserts causes of action against a laundry list of defendants,[2] including those defendants bringing the instant motions — Charles B. Wang, Charles Wang, Inc., Plainview Properties, LLC and Posilico Scalamandre (collectively the "Instant Defendants") — for causes of action he claims arise under the First, Fifth, Seventh, Ninth, Tenth and Fourteenth Amendments to the Constitution; 28 U.S.C. §§ 1346, 1361, 1366, 1357, 1365, 1349, 1343, 1332(a)(1); 32 U.S.C. § 102(3); 42 U.S.C. §§ 1983, 1985, 1986; 18 U.S.C. §§ 1961(1), 1962(a-d); The Federal Tort Claims Act; the Sherman Act; and for declaratory and injunctive relief. Based on the submission of the parties, and for the reasons stated below, Defendants' motions are deemed moot, Plaintiff's cross-motion is DENIED, and Plaintiff's Third Amended Complaint is DISMISSED WITH PREJUDICE.

---

[1] *See, e.g., Iwachiw v. Gen. Elec. Corp.*, No. 99-3668 (E.D.N.Y. filed June 28, 1999); *Iwachiw v. Bd. of Educ.*, No. 99-6229 (E.D.N.Y. filed Oct. 1, 1999); *Iwachiw v. Boces Nassau*, No. 00-2341 (E.D.N.Y. filed April 21, 2000); *Iwachiw v. New York State Bd. of Elections*, No. 00-5114 (E.D.N.Y. filed Aug, 25, 2000); *Iwachiw v. Bente*, No. 01-1441 (E.D.N.Y. filed Jan. 29, 2001); *Iwachiw v. New York City Bd. of Elections*, No. 01-4724 (E.D.N.Y. filed July 11, 2001); *Iwachiw v. New York City Bd. of Elections*, No. 01-6290 (E.D.N.Y. filed Sept. 12, 2001); *Iwachiw v. Massinari*, No. 01-7268 (E.D.N.Y. filed Oct. 24, 2001); *Iwachiw v. New York City Dep't of Finance*, No. 02-4766 (E.D.N.Y. filed Oct. 24, 2001); *Iwachiw v. Port Authority of New York and New Jersey*, No. 02-4772 (E.D.N.Y. filed Aug. 30, 2002); *Iwachiw v. New York State Dep't of Motor Vehicles*, No. 02-6699 (E.D.N.Y. filed Dec. 16, 2002). Plaintiff also commenced several state court actions. *See, e.g., Iwachiw v. Doe*, 96 N.Y.2d 774 (N.Y. 2001); *Iwachiw v. New York State Dep't of Transp.*, 96 N.Y.2d 792 (N.Y. 2001); *Iwachiw v. New York State Bd. of Elections*, 96 N.Y.2d 746 (N.Y. 2001); *Iwachiw v. Bd. of Elections of Suffolk County*, 265 A.D.2d 590 (N.Y. App. Div. 1999).

[2] It is not clear why Plaintiff uses the term "et al." after 13 of the defendants' names.

I.  *Facts and Procedural History*

The torturous history of the instant action requires us to go back over four years to April 9, 2001, when Plaintiff filed the original complaint in this case. He alleged a series of jurisdictional grounds, including, among many others, the RICO Act, antitrust laws, Sherman Act, Clayton Act, Robinson Patman Act, Fair Claims Act of 1863, Telecommunications Act, Federal Tort Claims Act, libel, slander, obstruction of justice, bid rigging, extortion, theft of bid deposit and theft of chattel. The Court (Spatt, J.) described the complaint as "hopelessly incoherent and unintelligible." Rather than rule on the then-pending motions to dismiss, Judge Spatt dismissed the complaint, as the court is entitled to do when a complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure. *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Rule 8 requires a "short and plain statement of the grounds upon which the court's jurisdiction depends" and "a short and plain statement of the claim showing hat the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Judge Spatt found that

> the complaint makes vague reference to, among other things, a conspiracy to give false testimony at an unspecified trial, an assault, threats of murder, the plaintiff's status as a write-in Presidential candidate and a conspiracy to fix bid prices for the sale of computer-related equipment and services. Faced with the complaint, the defendants are forced to select the relevant material, if any, from a mass of verbiage.

Order of August 30, 2002, *available at* Macy Decl. Ex. B. Judge Spatt thus deemed the pending motions moot and gave Plaintiff 30 days to file an amended complaint. *Id.*

Unfortunately, the Amended Complaint suffered from the same defects as the first and

3

was dismissed by Judge Hurley,[3] who granted the parties permission to renew the motions brought before Judge Spatt and ruled on those motions in favor of the defendants. Order of April 22, 2004, *available at* Macy Decl. Ex. E ("April 22 Order"). In the April 22 Order, Judge Hurley explained the bases upon which he granted the motions, including, *inter alia*, a discussion of the application of the Eleventh Amendment as a bar to lawsuits against the State of New York and any of its agencies, and the requirement of Rule 9 of the Federal Rules of Civil Procedure, which warrants Plaintiff's specificity when pleading allegations of fraud. However, the most consistent defect in Plaintiff's pleadings was his failure to plead "a short and plain statement of the claim" against each defendant, as required by Rule 8. In granting Plaintiff an opportunity to amend the Amended Complaint, Judge Hurley explained:

> Plaintiff is advised that, in the second amended complaint, he should endeavor to make a short and plain statement of the basis for his claims demonstrating that he is entitled to relief. See Fed. R. Civ. P. 8. Plaintiff should endeavor to explain which claims relate to which individual and what conduct on the part of those defendants would entitle him to relief. The statements need not be long but they must be clear and coherent. With regard to Civil RICO claims, should he seek to renew those claims, Plaintiff is advised that he must meet the higher standards of Rule 9...Despite the broad latitude given to his amended pleading, Plaintiff is not granted leave to amend as to the State of New York or its agencies....Nor is Plaintiff permitted to amend his complaint to again assert violations of the American Penal Code, which does not exist under either New York or federal law.

April 22 Order at 25.

Plaintiff filed a Second Amended Complaint on May 24, 2005. Two days later (and *sua sponte*), Judge Hurley dismissed it for failure to comply either with Rule 8 or the April 22 Order. *See* Order of May 26, 2004 ("May 26 Order"), *available at* Macy Decl. Ex. G:

---

[3] Judge Spatt recused himself from this case on July 24, 2003 and it was thereafter transferred to Judge Hurley. (*See* July 24, 2003 Order, *available at* Macy Decl. Ex. D.)

4

> As framed, the complaint is incoherent, rambling, frequently delusional and pointlessly prolix. Among other notably incoherent allegations, Plaintiff alleges a RICO conspiracy among the current president of the United States, "la cosa nostra" and Adolf Hitler. Moreoever, the Court notes that Plaintiff again seeks money damages from state defendants. The Court's prior order expressly enjoined Plantiff from making such claims.

May 26 Order at 4. Judge Hurley granted Plaintiff leave to file a <u>Third</u> Amended Complaint by June 28, 2004. Plaintiff was advised that "failure, after three opportunities, to submit a viable complaint *will result in the dismissal and closure of this case*." May 26 Order at 4-5 (emphasis added).

*The Third Amended Complaint*

On June 28, 2004, Plaintiff filed a Third Amended Complaint, naming all the parties named in the Second Amended Complaint, though Plaintiff nevertheless claimed that "the papers have been modified...due to the courts [*sic*] order on May 26." (Third Am. Complaint at 2.) Again, he lists statutes that do not confer jurisdiction. (*See, e.g.*, Third Am. Complaint at 20 (citing 28 U.S.C. § 1332 despite nondiverse defendants and 28 U.S.C. § 1346 when the United States is not a defendant). And again, Plaintiff's complaint consists almost entirely of delusory — and conclusory — allegations. Plaintiff seeks "to rid the local, county, state and federal government of an ongoing, domination and influence by members and associates of organized crime, drug cartel and terrorists." (Third Am. Complaint at 3.) The complaint is rife with paragraphs that, through Plaintiff's frequent use of the passive voice, fail to tie any of the defendants to any specific activity, as Plaintiff was instructed to do by the May 26 Order. For example,

5

> Walter N Iwachiw alleges that there has been a RICO criminal conspiracy to acquire and maintain control of the local government, State and Federal government assets as well as a conspiracy to conduct the affairs of the local governments through a pattern of wheeled racketeering activity. This pattern of racketeering activity has consisted of multiple acts of extortion, in local, county, state and federal governments through its officers, members, agents and representative, together with various members and associates of organized crime (AKA as La Cosa Nostra). Organized crime members have extorted an [*sic*] attacked and conspired to extort the voting, constitutional and civil rights of business voters, the plaintiff and the U.S. citizens.

(Third Am. Complaint at 4; <u>see</u>, *e.g.*, *id.* at 11 ("plaintiff was ordered to turn over the companies within 24 hours or else"); *id.* at 14 ("the plaintiff being forced under duress and fraud to a stipulation").) Plaintiff goes on to allege "[c]onnections between and cooperation of organized crime, drug cartels and terrorists [*sic*] groups and money laundering by these super Organized crime entities;" that he was physically assaulted twice in incidents related to the September 11, 2001 attack on the World Trade Center; and that Defendants are liable for "failing to act and prevent the attempted murder of Plaintiff." (Third Am. Complaint at 7, 15, 16.) Plaintiff alleges that "had the authorities...prosecuted the crimes against plaintiff it is likely theat the '911' attacks would have been prevented." (Third Am. Complaint at 7.)

On September 7, 2004, this case was reassigned to this Court. The Instant Defendants thereafter filed motions to dismiss the Third Amended Complaint pursuant to Federal Rules 8 and 12(b)(6) for Plaintiff's failure to plead a "short concise statement" and failure to state a cause of action against these Defendants. Plaintiff filed a Cross-Motion "to reconsider and grant Amended Complaint, change of venue, reinstate the defendants and consolidation of cases in Brooklyn."

6

II.  *Discussion*

Though Plaintiff significantly reduced the length of the Second Amended Complaint in drafting the Third Amended Complaint, it remains "incohoerent, rambling, frequently delusional and pointlessly prolix." May 26 Order at 4. Plaintiff has continued to name the State of New York (and related agencies) as Defendants notwithstanding Judge Hurley's prohibition against such claims. Not only has Plaintiff violated the Orders of Judge Hurley, but, in bringing his Cross-motion, he also violates the February 11, 2004 order of Judge Spatt, requiring him to first file a written application with this Court for permission to file any documents in this District "unless such papers are in response to those submitted by his adversary." *See Iwachiw v. New York State Dep't of Motor Vehicles*, 299 F. Suppp. 2d 117, 124 (E.D.N.Y. 2004), *affirmed*, 396 F.3d 525 (2d Cir. 2005).

The Court hereby dismisses Plaintiff's Third Amended Complaint. First, "when a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative...to dismiss the complaint." *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (affirming dismissal where complaint "a labyrinthian prolixity of unrelated and vituperative charges that defied comprehension" and amended complaint fared no better). Second, the Third Amended Complaint fails to comply with the Orders of Judge Hurley. Third, Plaintiff's Cross-motion was filed in violation of Judge Spatt's order and without regard for the individual rules of this Court requiring a Pre-Motion Conference. Fourth, though the Court is aware of the "liberal standards upon which amendments are to be granted when leave of the Court is required," *Kamisky v. Adams*, 41 F.R.D. 168, 170 (S.D.N.Y. 1996), and the "liberal pleading standards permitted in *pro se* complaints" *Moorish Sci. Temple of Amer., Inc. v. Smith*,

693 F.2d 987, 989 (2d Cir. 1982), the posture of this case indicates that further opportunities to plead a statement of Plaintiff's claims are extremely unlikely to result in Plaintiff's filing of a coherent statement in compliance with Rule 8 and capable of withstanding a motion to dismiss pursuant to Rule 12(b)(6). As such, Plaintiff's motion is DENIED, the Instant Defendants' motions are deemed moot, and Plaintiff's Third Amended Complaint is DISMISSED for his repeated failure to honor the Orders of Judges Spatt and Hurley, and his failure to present a "short and plain statement" of the claims against each of the defendants after three opportunities to amend.

Finally, Plaintiff is hereby notified that, pursuant to the injunction issued in *Iwachiw v. New York State Dep't of Motor Vehicles*, 299 F. Supp. 2d 117, 124 (E.D.N.Y. 2004) and affirmed by the Second Circuit, 396 F.3d 525 (2d Cir. 2005), he remains enjoined from seeking any further relief in the courts of the Eastern District of New York without prior permission of the Court, unless those papers are in response to those submitted by his adversary.

SO ORDERED.

SANDRA L. T...
UNITED STATES DISTRICT JUDGE

Dated: November 18, 2005
Brooklyn, NY